OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellants, Lottie Tucky and the Estate of Gerald Tucky, appeal from a final judgment of the Chardon Municipal Court denying their motion for relief from judgment. For the reasons that follow, we affirm the judgment of the trial court.
On March 22, 1999, appellee, Carol Bowers, filed a complaint against appellants in the Chardon Municipal Court alleging several different causes of action. Appellants filed an answer denying the allegations in the complaint on May 19, 1999.
Appellants subsequently filed a motion for summary judgment on October 18, 1999. After appellee filed a brief in opposition, the trial court issued a judgment entry granting appellants' motion for summary judgment in part.
The case then proceeded on the remaining claim, and after negotiations, the parties apparently agreed to a settlement sometime in February 2000. However, on March 10, 2000, appellee filed a motion for judgment against appellants. In her motion, appellee claimed that although the parties had settled the case, appellants had failed to pay in accordance with their agreement. On March 17, 2000, the trial court filed a judgment entry awarding appellee judgment for $6,000.
On April 5, 2000, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B) arguing that they were entitled to relief because there had been excusable neglect with respect to a misunderstanding concerning the terms of the settlement. The trial court conducted a hearing on April 7, 2000, where both parties presented evidence for and against their respective positions. In a judgment entry dated the same day, the trial court denied appellants' motion.
From this judgment entry, appellants filed a timely notice of appeal with this court. They now assert the following assignment of error for our review:
 "The trial court erred in denying defendant-appellant's [sic] 60 B [sic] motion for relief from its judgment order of March 17, 2000, granting plaintiff-appellee Bowers judgment in the amount of $6,000.00."
 At the outset, we note that appellants have failed to file a transcript of the April 7, 2000 hearing with this appeal. The failure to do so is fatal because appellants are essentially contesting the factual findings of the trial court. Specifically, appellants maintain that the evidence presented at the hearing clearly demonstrated that their attorney had no authority to offer the settlement terms appellee now claims were agreed upon.
In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, the Supreme Court of Ohio observed the following:
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to the matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
 Thus, to prevail on appeal, an appellant must affirmatively demonstrate, through reference to the record, that the trial court erred. If a transcript of the proceedings is unavailable, the appellant may submit a statement of the evidence before the trial court or an agreed statement of the facts as the record on appeal in the manner set out in App.R. 9(C) and (D). Biela v. Moore (Dec. 22, 2000), Trumbull App. Nos. 99-T-0167 and 99-T-0168, unreported, at 7, 2000 Ohio App. LEXIS 6121.
Here, appellants have failed to supply this court with either a transcript of the April 7, 2000 hearing or a statement which conforms with App.R. 9(C) or (D). Without a transcript or suitable substitute, we have nothing to pass upon, and as a result, are unable to address the merits of appellants' assigned error. Biela at 7. Accordingly, absent evidence to the contrary, this court will presume the regularity of the trial court in refusing to set aside its judgment. Knapp at 199. Appellants' sole assignment of error is, therefore, without merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
______________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P. J., GRENDELL, J., concur.